IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMAVIS COMUNDOUWILLA,

    Plaintiff,                              CV F 05 1582 LJO WMW PC

    vs.                                  ORDER DISMISSING COMPLAINT
                                         WITH LEAVE TO
                                         FILE AN AMENDED COMPLAINT

                                         (THIRTY DAY DEADLINE)

C. LOPEZ,

    Defendant.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California Correctional Instituition at Tehachapi, brings this civil rights action against defendant Correctional C. Lopez, an employee of the CDCR at CCI Tehachapi.

    Plaintiff's sole claims in this complaint is that "on or about 5-6-2005 my religious rights were violated by C. Lopez."  Plaintiff refers to an administrative appeal.  Plaintiff is advised the he may not refer to documents outside the complaint to set forth his factual allegations.  Plaintiff must set forth his claim and facts in support of that claim in his complaint.

1    The statute under which this action proceeds plainly requires that there be an actual
2 connection or link between the actions of the defendants and the deprivation alleged to have been
3 suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo
4 v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to
5 the deprivation of a constitutional right, within the meaning of section 1983, if he does an
6 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
7 legally required to do that causes the deprivation of which the complaint is made."  Johnson v.
8 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9    The court finds the allegations in plaintiff's complaint vague and conclusory.  The court
10 has determined that the complaint does not contain a short and plain statement as required by
11 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
12 must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.
13 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
14 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
15 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
16 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
17 amended complaint.

18    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
19 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
20 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
21 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
22 there is some affirmative link or connection between a defendant's actions and the claimed
23 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
24 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
26

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     June 18, 2008**              /s/  **William M. Wunderlich**
                                  UNITED STATES MAGISTRATE JUDGE